**Helen WOE et al., and Evelyn Jones, Intervenor, Appellees,**

v.

**NEBRASKA STATE DEPARTMENT OF PUBLIC WELFARE et al., Appellants.**

No. 79–1380.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1979.

Decided Oct. 24, 1979.

Royce N. Harper, Asst. Atty. Gen., Lincoln, Neb. (argued), and on brief Paul L. Douglas, Atty. Gen., Lincoln, Neb., on brief, for appellants.

David L. Piester, Lincoln, Neb. (argued), and John B. Milligan, Lincoln, Neb., on brief, for appellees.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This civil rights appeal challenging certain regulations of the Nebraska State Department of Public Welfare was argued before this court on September 10, 1979. Subsequent to that time the parties hereto have stipulated that the case may be dismissed, subject only to the right of the appellees to request attorney's fees and expenses for services in this court and subject to the right of the appellants to object thereto.

Upon consideration of the stipulation and the various motions and affidavits filed by the parties hereto, the court finds that this appeal should be dismissed at the cost of the appellants, and that attorney's fees in the amount of $1,000 should be awarded to the attorneys for the appellees, together with the actual travel expenses necessarily incurred by the attorneys for the appellees in arguing the case in St. Louis on September 10, 1979.

In making this determination the court notes that although the result which has

been reached in this case is the result sought by the appellees in their action in federal district court, the primary source of the agreement to settle the case on the basis desired by appellees was a ruling made in the Nebraska state district court in August 1979 after the United States District Judge had ordered abstention in this case.

We therefore take into consideration, in determining the attorney's fees for the attorneys for appellees, both the amount of time spent by the appellees in preparing the documents necessary for the appeal and the fact that the same result may have been reached without the request of the appellees to Judge Urbom for an injunction on behalf of the class in May 1979, the granting of which injunction precipitated this appeal. Considering both of those factors, we believe that the sum of $1,000, plus the expenses actually and necessarily incurred as defined above, is a fair and equitable amount to award to the attorneys for the appellees in this case.

It is so ordered.